UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

| | |
|---|---|
| HOULE, JEFFREY M. and HOULE, AMIE E., | Case No. 07-64514 |
| | Chapter 13 |
| Debtors. | Hon. Walter Shapero |

_____/

## OPINION REGARDING DEBTOR'S COUNSEL'S APPLICATION FOR COMPENSATION

### Introduction

The matter before the Court is the Trustee's and Creditor's objections to Counsel's Application for Compensation and Motion for Administrative Claim.

### Statement of Facts

Jeffrey and Amie Houle filed their Chapter 13 petition on December 21, 2007. Debtors retained Weik & Associates, P.C. ("Weik") as their counsel. On June 26, 2008, Debtor's terminated Weik and obtained new counsel. During the time Weik was acting as Debtor's counsel, it performed the following legal services: initial consultation, calculation and preparation of the chapter 13 plan, preparation and attendance of the 341 hearing, preparation and attendance of the numerous confirmation hearings, review of a Motion for Relief, review of a Proof of Claim, and communication with the Debtors. After obtaining new counsel, Debtors' plan was confirmed July 31, 2008.

After a hearing held on September 8, 2008, this Court directed Wiek to file their fee

application within seven days of the hearing. Weik filed its Application slightly late on September 19, 2008. It requests fees in the amount of $3,141.88 and expenses of $268.08 (including charges for copies in the amount of $0.25 per copy) for a total of $3,409.96. Among other things it lists a total of sixteen different professionals and paraprofessionals who worked on the case between October 18, 2007 and June 30, 2008.

The Trustee and Creditor's counsel object to the Application on the following grounds: (1) the movant failed to timely file the fee application; (2) the movant has listed several items that are unreasonable, unnecessary, or excessive; and (3) movant's claim should not be treated as an administrative expense.

## Discussion

### Fees and Expenses

This application caused the Court to confront a situation similar to those in other cases involving the applicant. Those other cases are *In re Belcher*, Case No. 07-52516, Docket No. 51 (Opinion issued Feb. 5, 2009), *In re Belcher*, Case No. 07-58497, Docket No. 46 (Opinion issued Jan. 30, 2009). In the *Belcher* cases, the Court recited the inefficiency and lack of any true attorney-client relationship that results from Weik's assembly line approach to Chapter 13 bankruptcy. The Court applied a "benefit to the estate" test to determine whether the fees requested were for "actual, necessary services rendered," focusing in part on the results obtained in the particular case to determine whether the services were beneficial to the estate. The Court further recited that only the <u>actual</u> amount of expense that counsel incurred would be reimbursed as actual and necessary expenses. The law and reasoning articulated in the *Belcher* opinions applies equally to this case. Clearly, a substantial fee reduction is in order.

In both *Belcher* cases, the Court imposed a global reduction on the fees and expenses to be awarded to Weik under factual circumstances cited as a basis for its conclusion which are significantly similar to those in this case. In the *Belcher* cases, the Applicant had twelve and fourteen professionals and paraprofessionals working on a single case. In this case, the Applicant had a total of sixteen professionals and paraprofessionals working on the case. In the *Belcher* cases, the end result of each case was dismissal prior to confirmation. In this case, the result was the inability to get the plan confirmed after four confirmation hearings, although given ample notice and time to make proper amendments to the proposed plan. It should also be noted that, after Weik was terminated, the substituted counsel was able to get a feasible plan confirmed within a period of slightly over one month. As stated in *Belcher*, the Applicants process for handing cases has inherent and obvious inefficiencies which impose otherwise avoidable costs to the estate and creditors. Additionally, in both *Belcher* cases and this case, the Applicant attempted to be reimbursed $0.25 per page for photocopies. As stated in *Belcher*, given that these charges do not appear to be the <u>actual</u> amount of expense that counsel incurred photocopying, the Court will not allow such charges to be reimbursed in this case as actual and necessary expenses.

It was noted that Applicant filed the fee application somewhat (two days) late. Although this Court will not flatly deny the fee application solely due to its tardiness, it sees Weik's inability to timely file as reinforcing the negative aspects of, and inefficiencies in, Weik's system.

Administrative Expense

Section 503 of "the Bankruptcy Code grants priority to certain administrative expenses, such as "the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case." 11 U.S.C. § 503(b)(1)(A). In order to determine whether a debt qualifies as an "actual, necessary" administrative expense, the court must apply the well-accepted "benefit to the estate" test. Under the "benefit to the estate test," a "debt qualifies as an 'actual, necessary' administrative expense only if (1) it arose from a transaction with the bankruptcy estate and (2) directly and substantially benefited the estate." *Employee Transfer Corp. v. Grigsby (In re White Motor Corp.)*, 831 F.3d 106, 110 (6th Cir. 1987). The term "substantially," although not defined in the Bankruptcy Code, is defined in Webster's dictionary as: "considerable in quantity; significantly great." *See* Webster's Dictionary 2008.

Generally, post-petition attorney's fees are classified as an administrative expense and provided for in the debtor's Chapter 13 Plan.

In this case, Weik was terminated and Debtors obtained substitute counsel. Weik filed a Fee Application for fees totalling $3,1141.88, which was pending at the time substitute counsel prepared and filed an Amended Plan. That amended plan, as confirmed on July 31, 2008, provided in Section I.(D).1.b under Class One - Administrative Expenses that: "[a]n agreed fee of $3000 less amounts paid as reflected in the Rule 2016(b) Statement, leaving a balance due of $3000 plus costs advanced in the amount of $0 which totals $3000. Said sum to be paid at the rate of $3000 per month." That confirmed plan also provided, in Section II.(I) relative to priority of claims payments, that class one claims (i.e. administrative expenses) were to be paid in

4

advance of others. Substitute counsel filed a fee application on July 29, 2008, just prior to confirmation, totalling $1,845. The Order Confirming Plan, entered July 31, 2008, provided that specific claim for attorney fees (the amount of which was not stated) would be paid as an administrative expense. That language does not preclude payment, in the order indicated in the plan, of other properly allowed administrative expenses or permit an inference that it was the only such expense. This failure to include Weik's fees in the plan does not preclude them from being paid as an administrative expense in the manner indicated (and indeed the confirmed plan itself, as noted in its retained reference to the $3000 "agreed" fee, was likely a reference to a then intended fee to be paid to Weik).

True, the secured creditor objected to the Weik fee application both on its merits and on the basis of its potential effect if allowed on that creditor's ongoing payments under the plan. The essence of its objection is not the priority of the administrative expense payment provision itself, it is to the subject fee application. The Court deems it unnecessary or inappropriate to opine at this time upon the potential and theoretical clash between the priority of payment provision in question and the required equal monthly payment obligation contained in the plan and/or the applicable statute. That clash has yet to occur in this case and as a practical matter may never present itself for decision.

## Conclusion

For the reasons set forth above, the Court awards Weik & Associates a total of $1,000.00 for fees and $100.15 for expenses.

5

**Signed on February 27, 2009**

                                                                             **/s/ Walter Shapero**
                                                          **Walter Shapero**
                                                          **United States Bankruptcy Judge**